<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MR. YVES DUVAIS, | : | |
| | : | Civil Action No. 11-3495 (DMC) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ERIC HOLDER, JR., et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

Petitioner <u>pro se</u>
Mr. Yves Duvais
South Louisiana Correctional Center
3843 Stagg Avenue
Basile, LA  70515

**CAVANAUGH**, District Judge

Petitioner Yves Duvais is a native and citizen of Haiti, confined in connection with removal proceedings, at the time he filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, at Essex County Correctional Facility in Newark, New Jersey.

Petitioner challenges his prolonged detention in connection with removal proceedings. He names as Respondents United States Attorney General Eric Holder, Jr., and John Tsoukaris, the Acting Field Office Director for Deportation and Removal in the Newark Field Office of the U.S. Bureau of Immigration and Customs Enforcement.

## I.    BACKGROUND

Petitioner contends that his indefinite detention in lieu of removal is unconstitutional.  See Zadvydas v. Davis, 533 U.S. 678 (2001).

On August 8, 2011, this Court entered an Opinion and Order [2] granting Petitioner leave to file an amended petition naming a proper respondent.  The Clerk of the Court served copies of this document on Petitioner at the address he had provided the Court, at the Essex County Correctional Facility in Newark, New Jersey.  On August 23, 2011, this Court received Petitioner's Notice of Change of Address, indicating that he had been transferred to the South Louisiana Correctional Center in Basile, Louisiana.

Petitioner's transfer requires this Court to consider whether it may exercise jurisdiction over this matter.

## II.    ANALYSIS

As noted above, the named Respondents in this matter are United States Attorney General Eric Holder, Jr., and John Tsoukaris, the Acting Field Office Director for Deportation and Removal in the Newark Field Office of the U.S. Bureau of Immigration and Customs Enforcement.  Neither is a proper respondent in this matter.

Pursuant to 28 U.S.C. § 2241, United States district courts have power to issue writs of habeas corpus "within their

2

respective jurisdictions." See also Zadvydas v. Davis, 533 U.S. 678, 688 (2001) ("§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention"). Among other things, 28 U.S.C. § 2242 requires the petition for a writ of habeas corpus to allege "the name of the person who has custody over [the petitioner]." See also 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained. ... The person to whom the writ or order is directed shall make a return certifying the true cause of the detention."). Thus, the court issuing the writ must be able to exercise personal jurisdiction over the custodian of the petitioner. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95, 500 (1973).

"[T]hese provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." Wales v. Whitney, 114 U.S. 564, 574 (1885) (emphasis added).[1]

---

[1] In this 1885 opinion, the Supreme Court referred to the precursors to the modern habeas statutes, which remain unchanged in all relevant substantive respects.

Section 754, Rev. St., says the application for the writ must set forth 'in whose custody he [the petitioner] is detained, and by virtue of what claim or

3

> The consistent use of the definite article in reference
> to the custodian indicates that there is generally only
> one proper respondent to a given prisoner's habeas
> petition.   This custodian, moreover, is "the person"
> with the ability to produce the prisoner's body before
> the habeas court. ...
>
> In accord with the statutory language and Wales'
> immediate custodian rule, longstanding practice
> confirms that in habeas challenges to present physical
> confinement - "core challenges" - the default rule is
> that the proper respondent is the warden of the
> facility where the prisoner is being held, not the
> Attorney General or some other remote supervisory
> official.

Rumsfeld v. Padilla, 542 U.S. 426, 434-435 (2004) (citations

omitted).[2]

> The proviso that district courts may issue the
> writ only "within their respective jurisdictions" forms
> an important corollary to the immediate custodian rule
> in challenges to present physical custody under § 2241.
> Together they compose a simple rule that has been
> consistently applied in the lower courts, including in
> the context of military detentions: Whenever a § 2241
> habeas petitioner seeks to challenge his present
> physical custody within the United States, he should
> name his warden as respondent and file the petition in
> the district of confinement.

---

> authority, if known;' section 755, that 'the writ must
> be directed to the person in whose custody the party
> is;' section 757, that this person shall certify to the
> court or justice before whom the writ is returnable,
> the true cause of the detention; and by section 758 he
> is required 'at the same time to bring the body of the
> party before the judge who granted the writ.'

Wales v. Whitney, 114 U.S. at 574.

[2] In Padilla, the Supreme Court also noted the open question
whether the Attorney General is a proper respondent to a habeas
petition filed by an alien detained pending deportation.   542
U.S. at 435-36, n.8.

Padilla, 542 U.S. at 446-47 (citations and footnote omitted).

In the context of alien detainees, directly applicable here, the Court of Appeals for the Third Circuit has held,

> It is the warden of the prison or the facility where the detainee is held that is considered the custodian for purposes of a habeas action. This is because it is the warden that has day-to-day control over the prisoner and who can produce the actual body. That the district director has the power to release the detainees does not alter our conclusion. Otherwise, the Attorney General of the United States could be considered the custodian of every alien and prisoner in custody because ultimately she controls the district directors and the prisons.

Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994). See also Kholyavskiy v. Achim, 443 F.3d 946 (7th Cir. 2006) (citing Yi, and reaching same result, after Padilla).

Thus, under the circumstances of this case, the warden of the Essex County Correctional Facility was, at the time the Petition was filed, an indispensable party respondent, for want of whose presence the Petition now must be dismissed. Cf. Padilla, 542 U.S. at 441 ("when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release") (emphasis added); Chavez-Rivas v. Olsen, 194 F.Supp.2d 368 (D.N.J. 2002) (where an alien detainee properly files a habeas petition in the district where he is confined, naming the warden

and the United States Attorney General among the respondents, and the government subsequently transfers the petitioner to a facility outside that district, the U.S. Attorney General may be deemed a "custodian" to allow the original district court to retain jurisdiction).

Here, Petitioner failed to name his immediate custodian as a respondent in the Petition. As Petitioner was transferred to a location outside this District before amending his Petition to name a proper respondent located within this District, the Petition will be dismissed without prejudice to Petitioner's filing a new petition in the district of his confinement.[3]

### III. CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice. An appropriate order follows.

Dennis M. Cavanaugh
United States District Judge

Dated: Sept 1, 2011

---

[3] Transfer under 28 U.S.C. §§ 1404(a) or 1631 is not appropriate, as this action could not have been brought, at the time it was filed, in the U.S. District Court for the Western District of Louisiana, where Petitioner is now confined.

6